UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 16-33177-WRS
                                                    Chapter 7
RICHARD LIVELY,

      Debtor

**MEMORANDUM DECISION**

This Chapter 7 bankruptcy case came before the Court for an evidentiary hearing on June 5, 2017, on two motions: (1) Motion for Relief From Automatic Stay filed by Brenda Maitland, Gabrielle Maitland, and Rachael Bryer (movants collectively referred to as the "Maitlands") (Doc. 37); and (2) Debtor's Motion for Order to Show Cause (Doc. 41). Debtor Richard Lively appeared *pro se* and the Maitlands were present by counsel Donald H. Brockway.

**I. FACTS**

Richard Lively filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in this Court on November 8, 2016. (Doc. 1). Prior to the filing of the petition, the Circuit Court of Autauga County, Alabama entered a $150,000 judgment in favor of Lively and against one of his former employees, Tamara Miller (the "Lively judgment"). (Case No. CV-2013-900051). In addition, the Circuit Court of Jefferson County, Alabama entered a $94,500 judgment in favor the Maitlands and against Lively (the "Maitlands' judgment"). (Case No. CV-08-828).

Lively garnished Miller's wages for a period prior to this bankruptcy case. At the time Lively filed the petition in bankruptcy, the Clerk of the Circuit Court for Autauga County, Alabama, held a sum of $578.95.[1] The garnishment of Miller's wages pursuant to the Lively judgment continues to date. Due to the bankruptcy case, the Clerk of the Court in Autauga County is presently retaining all funds paid over by Miller, or Miller's employer.

On September 23, 2016, the Maitlands caused the Circuit Court in Jefferson County to issue process of garnishment on the Maitlands' judgment to: "Circuit Court of Autauga County, Alabama, Debra Hill, Clerk." (Pl. Ex. 6). Once the Clerk in Autauga County received the garnishment process from Jefferson County, she stopped sending Lively the garnishment proceeds and appears to be awaiting direction as to whether Lively or the Maitlands should receive the proceeds. Lively filed a Suggestion of Bankruptcy in Jefferson County on November 8, 2017, shortly after he filed his petition in bankruptcy in this Court, thereby putting the Maitlands and the Circuit Court in Jefferson County on notice of his bankruptcy filing. (Cr. Ex. 9). The Maitlands filed a Response to Lively's Suggestion of Bankruptcy, opposing it. (Cr. Ex. 11). Lively contends that the Maitlands violated the automatic stay when they filed the Response to his Suggestion of Bankruptcy in Jefferson County. (Doc. 41 and Adv. Pro. 17-3007). The Maitlands have filed an Adversary Proceeding in this Court seeking a determination that the Maitlands' judgment against Lively should be excepted from discharge. (Adv. Pro. No. 17-3006).

---

[1] The parties did not have this figure at the time the Court heard evidence. The Court ordered Lively to obtain a copy of the Circuit Court's accounting for the garnishment. (Doc. 61). On June 13, 2017, Lively filed a copy of the accounting. (Doc. 63). The $578.95 figure comes from that accounting.

Case 16-33177    Doc 65    Filed 10/13/17    Entered 10/13/17 10:03:58    Desc Main
Document      Page 2 of 13

## II. LAW

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). This is a final order.

The Court divides its analysis of the issues here into four parts. In Part II(A), the Court analyzes the status of the competing garnishment proceedings as of the date of the petition in bankruptcy—Nov. 8, 2016. In Part II(B), the Court analyzes the effects Lively's bankruptcy filing has on the wages garnished from Miller's wages after the filing of the petition. In Part II(C), the Court considers both parties' arguments regarding the attachment of judgment liens to property. In Part II(D), the Court considers whether the Maitlands willfully violated the automatic stay.

### A. The Status of Funds Held by the State Court as of the Date of the Petition in Bankruptcy—November 8, 2017

The Court first analyzes the effect of the bankruptcy filing, the automatic stay, and Lively's claim of exemption on Miller's garnished wages, as of the date Lively filed his petition in bankruptcy. When a petition in bankruptcy is filed, all of the Debtor's property becomes property of the estate, with an important exception discussed below. "The commencement of a case under section 301 . . . creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). The Lively judgment against Miller, and the garnishment proceeds held by the Clerk of the Court of Autauga

-3-

County, became property of the estate upon the filing of a petition in bankruptcy. *Bracewell v. Kelley (In re Bracewell)*, 454 F.3d 1234, 1237 (11th Cir. 2006).

Next, we must consider the effect of the Maitlands' garnishment on Lively's interest in the proceeds garnished from Miller's wages. Alabama statute defines garnishment as follows:

> A "garnishment," as employed in this article, is process to reach and subject money or effects of a defendant in attachment, in a judgment or in a pending action commenced in the ordinary form in the possession or under the control of a third person, or debts owing such defendant or liabilities to him on contracts for the delivery of personal property, on contracts for the payment of money which may be discharged by the delivery of personal property or on contracts payable in personal property; and such third person is called the garnishee.

ALA. CODE § 6-6-370 (2017).

When the Maitlands served their garnishment process on the Clerk of the Court in Autauga County, they created an obligation on the part of the Clerk to redirect the funds from Lively to the Maitlands. It appears that Alabama law allows such a redirection. "Money in hands of an attorney-at-law, sheriff, or other officer may be garnished; and, in the case of officers of the court, the money must be paid into the court to abide the result of the action, unless the court otherwise directs." ALA. CODE § 6-6-412 (2017).

As of the date of the petition in bankruptcy, November 8, 2016, Lively was garnishing Miller's wages in an effort to collect on the Lively judgment. The Maitlands in turn were attempting to redirect those payments to themselves to collect on the Maitlands' judgment against Lively. As of the date of the petition, the Clerk in Autauga County held $578.95, which was subject to both Lively's and the Maitlands' judgment liens. *Deloney v. U.S. Fidelity &*

*Guaranty Co.,* 272 Ala. 569 (1961); *First Nat. Bank of Brantley v. Standard Chem. Co.,* 226 Ala. 509, 512 (1933).

### B. The Effect of Lively's Bankruptcy Filing Upon the Two Garnishment Proceedings

The filing of a petition in bankruptcy gives rise to the automatic stay. "[A] petition filed under section 301 . . . operates as a stay, applicable to all entities, of—(1) the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a); *see also United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006). As the Maitlands' garnishment process, issued out of Jefferson County, is clearly judicial process, its effects were stayed as of the date of the petition in bankruptcy. Therefore, going forward from the date of the petition, the Maitlands' garnishment lien did not attach to any amount paid over to the Autauga County Circuit Court Clerk after the date of the petition. *Bank of America, N.A. v. Johnson (In re Johnson)*, 479 B.R. 159, 170 (Bankr. N.D. Ga. 2012) (Bonapfel, B.J.); *Roche v. Pep Boys, Ind., (In re Roche)*, 361 B.R. 615, 620–22 (Bankr. N.D. Ga. 2005) (Diehl, B.J.); *see also*, *In re Briskey*, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001) (creditor garnishing debtor's funds is under an affirmative duty to cease taking funds so as to avoid violating the automatic stay).

At the time Lively filed his petition in bankruptcy, his interest in the funds garnished from Miller's wages became property of the estate, subject to the Maitlands' garnishment lien. 11

U.S.C. § 541(a)(1); *Bracewell v. Kelley (In re Bracewell)*, 454 F.3d 1234, 1237 (11th Cir. 2006). Garnished funds becoming payable after the date of the petition are proceeds of the judgment and are property of the estate. 11 U.S.C. § 541(a)(6). Miller owed an indebtedness to Lively—the Lively judgment—and his interest in the indebtedness became property of the estate when Lively filed a petition in bankruptcy. At this point, one should distinguish between Miller's indebtedness to Lively, which is an intangible asset that is property of the bankruptcy estate, and the continuing proceeds garnished from Miller's wages on the Lively judgment, which become property of the estate as the wages are earned by Miller and then paid over to the Clerk in Autauga County. The Maitlands made no effort to garnish or attach the underlying indebtedness owed by Miller to Lively, rather they only sought to redirect the funds to be paid by Miller to Lively under the garnishment by the Clerk of the Autauga County Circuit Court.

Under Alabama law, garnishment process is served upon the garnishee. ALA. CODE § 6-6-393 (2017). As the only garnishee served under the Maitlands' garnishment process is the Clerk of the Autauga County Court, it follows that Miller is not a party to the Maitlands' garnishment process as she was never served. (Pl. Ex. 6). For that reason, the Maitlands' garnishment lien did not attach to the underlying judgment against Miller—the Lively judgment—but only attached to the order directing payment of the funds garnished from Miller's wages as they were earned. One should bear in mind that a money judgment is a judicial determination that an amount of money is owed. To attach the underlying indebtedness, one must garnish the party that owes the indebtedness—Miller in this case—and not merely the Court that entered the judgment. The Maitlands failed to do so; thus, the they did not cause their judgment lien to attach to the indebtedness owed by Miller on the Lively judgment.

-6-

That being said, a question does arise as to whether the Maitlands' judgment had attached, by way of the garnishment process, to any funds on hand with the Circuit Clerk of Autuaga County at the time Lively filed his petition in bankruptcy. When the Maitlands served the garnishment process on the Autauga County Circuit Clerk, their judgment against Lively attached to all funds held by the Clerk on behalf of Lively. On the date of the petition in bankruptcy, the Clerk held $578.95 garnished on the Lively judgment from Miller's wages. Thus, this $578.95 is subject to the Maitlands' lien as the garnishment process was served on the Clerk of the Court for Autauga County prior to the filing of Lively's petition in bankruptcy.

Nevertheless, Lively claims the funds held by the Clerk of the Autauga County Court as exempt pursuant to 11 U.S.C. § 522(b)(3) and ALA. CODE § 6-10-6 (2017). (Doc. 1, Sch. C). As Lively properly claimed an exemption, he is entitled to avoid the Maitlands' lien and preserve his exemption. 11 U.S.C. § 522(f)(1)(A); *see also*, *In re Rowell*, 281 B.R. 726 (Bankr. S.D. Ala. 2001) (holding that the debtor may avoid a garnishment lien and claim funds as exempt when permitted by applicable law). As there was only $578.95 held by the Court at the time Lively filed his petition in bankruptcy, and as Lively had more than that amount left in unused exemptions, he is entitled to avoid the Maitlands' lien in its entirety and obtain that money for himself.

The facts of this case are similar in many respects to those in a case recently handed down by the Northern District of Georgia Bankruptcy Court. *In re Williams*, 460 B.R. 915 (Bankr. N.D. Ga. 2011). In *Williams*, a debtor's wages were being garnished by a judgment creditor. At the time the debtor filed bankruptcy in *Williams*, $417.64 was being held in the registry of the court. The debtor claimed the money as exempt and moved to avoid the judgment lien of the

-7-

Case 16-33177    Doc 65    Filed 10/13/17    Entered 10/13/17 10:03:58    Desc Main
Document      Page 7 of 13

creditor. The creditor objected contending that the funds were property of the estate and subject to a lien and, as a result, the debtor no longer held an interest in the funds. The Bankruptcy Court ruled to the contrary, holding the debtor still owned an interest in the funds and she has the right to claim the funds as exempt. The analysis of the Bankruptcy Court in *Williams* is applicable here. The only difference is that in *Williams* it was the debtor's wages that were garnished, where in the case at bar it is a third party's wages that were garnished by Lively, which were in turn garnished by the Maitlands.

The end result is that the Maitlands' judgment lien attached to the funds garnished prior to the date of the petition in bankruptcy but not to funds garnished after that date. However, as Lively claimed them as exempt in his bankruptcy schedules, he is entitled to avoid the Maintlands' lien and preserve his exemption. Therefore, the $578.95 on hand as of the date of the petition in bankruptcy is Lively's money. The Court will authorize and request the Clerk to release the funds to Lively. As the Maitlands did not attach the underlying indebtedness owed by Miller, the garnishment proceeds after the date of the petition are not subject to the Maitlands' garnishment lien.

As it is established that Lively is entitled to $578.95 on hand as of the date of the petition, the question becomes whether Lively or the Maitlands are entitled to the garnished funds received after the date of the petition. As the Miller judgment is property of the estate and because future garnishment funds are proceeds, which become property of the estate as they are received, it follows that funds received after the date of the petition also become property of the estate. Trustee's often make business decisions to further the best interest of the estate.

-8-

Sometimes this requires the trustee to decide that certain property is not worth pursuing, or not worth waiting around to collect. 11 U.S.C. § 554. The process is referred to as abandonment.

In this case, the Trustee determined it was not worth holding the estate open to collect the $115 per week that Miller is paying on the Lively judgment. The Trustee in this case sent notice of her intent to abandon the estate's interest in the Lively judgment on March 7, 2017. (Doc. 31). Parties in interest, including the Maitlands, had thirty days to object. Fed. R. Bankr. P. 6007; LBR 9007-1. No objections were filed and the Court granted the Trustee's motion to abandon on May 9, 2017. (Doc. 47). Upon the Trustee's abandonment, the property became property of the debtor. *Murray v. Nagy (In re Nagy)*, 432 B.R. 564, 569 (Bankr. M.D. La. 2010) (holding that property abandoned from the estate reverts to the debtor).

As the Trustee abandoned the estate's interest in the Lively judgment and as the property reverts to Lively, the question becomes whether the funds garnished under the Lively judgment are subject to the Maitlands' garnishment against Lively. As discussed in Part II(A) above, the Maitlands' garnishment did attach to funds garnished prior to the filing of the petition in bankruptcy; however, it did not attach to garnished funds coming due after Lively filed his petition in bankruptcy. 11 U.S.C. § 362(a). Thus, the Maitlands' garnishment process did not attach to any funds coming due after November 8, 2016, the date Lively filed his petition in bankruptcy.

Case 16-33177    Doc 65    Filed 10/13/17    Entered 10/13/17 10:03:58    Desc Main
Document      Page 9 of 13

### C. The Fact that the Maitlands Did Not Record a Certificate of Judgment had No Effect Upon the Efficacy of the Garnishment Process

There was considerable discussion at the June 5, 2017 evidentiary hearing as to whether the Maitlands were required to file a Certificate of Judgment with the Judge of Probate. *See* ALA. CODE § 6-9-211 (2017). Specifically, Lively argued that the Maitlands do not have a lien pursuant to the garnishment against him because they failed to file a Certificate of Judgment with the Judge of Probate.

To obtain garnishment process in Alabama, one must file an affidavit. ALA. CODE § 6-6-391 (2017). It is not necessary to file a Certificate of Judgment with the Judge of Probate to obtain a garnishment. *See* ALA. CODE § 6-9-210-11 (2017) (providing that a judgment lien is obtained by filing a Certificate of Judgment with the Judge of Probate). In this case, the Maitlands filed the necessary affidavit and obtained a writ of garnishment from the Circuit Court of Jefferson County. (Cr. Ex. 6). Thus, the Maitlands followed the appropriate steps to obtain a garnishment under Alabama law.

The Maitlands' failure to file a Certificate of Judgment with the Judge of Probate is of no consequence here because the judgment lien that arises from Ala. Code § 6-9-211 attaches only to property that is subject to execution. Executions may be levied upon real and personal property, except things in action. ALA. CODE § 6-9-40 (2017). The funds paid over under the Lively judgment are "things in action." It then follows that a judgment lien arising pursuant to Alabama Code § 6-9-211 does not encumber an indebtedness owed to the Debtor. *See, In re*

-10-

*Vance*, 538 B.R. 862 (Bankr. M.D. Ala. 2011) (a judgment lien did not attach to the debtor's bank account because it was a "thing in action").

The issue here is to what did the Maitlands' garnishment lien attach? As discussed in Part II(B) above, the Court concludes that Maitlands' garnishment process did not attach to the indebtedness underlying Lively's judgment against Miller because Miller was not served by garnishment process by the Maitlands. All of the discussion concerning whether the Maitlands should or need not have filed a certificate of judgment, in accordance with ALA. CODE § 6-9-211 (2017), has no bearing on the issue at hand because judgment liens do not attach to things in action.

### D. The Maitlands Did Not Commit a Willful Violation of the Automatic Stay When They Responded to Lively's Suggestion of Bankruptcy

Lively contends that the Maitlands willfully violated the automatic stay when they opposed the Suggestion of Bankruptcy filed in Jefferson County. The factual setting here is, to say the least, unusual. While this Court ultimately rejected the Maitlands' claim that their garnishment lien attached to post-petition funds, the Court finds that any violation of the automatic stay was not willful. The Maitlands are represented by counsel who made a reasoned, good faith argument in support of their position. The Court heard evidence on these motions. The parties and their counsel have been antagonistic to one another throughout this case; nevertheless, the Court concludes that both advanced their positions in good faith, even if in a bellicose manner at times.

## III.  CONCLUSION

The garnishment lien of the Maitlands attached to the funds held by the Clerk of the Court in Autauga County, Alabama, as of the date of the petition.  The automatic stay prevented the Maitlands' garnishment lien from attaching to any funds subsequently paid over to the Clerk.  Moreover, Lively may avoid the attachment of the Maitlands' garnishment lien to the funds on hand pursuant to 11 U.S.C. § 522(f)(1)(A).  The Maitlands' judgment did not attach to the underlying indebtedness owed by Miller to Lively because the Maitlands failed to serve garnishment process on Miller.  To the extent that any of the actions taken by the Maitlands may have violated the automatic stay, the Court finds that any such violation was not willful.  The Motion for Relief From the Automatic Stay filed by the Maitlands will be denied by a separate order.  Lively's motion is granted insofar as the Maitlands' judgment lien on the garnishment proceeds from the Lively judgment is avoided.  Lively's motion is denied to the extent that he seeks sanctions or damages for violation of the automatic stay.  The Court will, by way of a separate order, request that the Clerk of the Court for Autauga County pay over a portion of the garnished funds to Clerk of the United States Bankruptcy Court for the Middle District of Alabama.

Done this 12th day of October, 2017.

United States Bankruptcy Judge

c: Richard Lively
   Donald H. Brockway, Attorney for Maitlands and Bryer
   Debra Hill, Circuit Clerk of Autauga County, Alabama, *134 N. Court Street, Prattville, AL 36067*